IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL A. LUCAS,
    Movant,

                                    Civil Action No. 00-3381
                                    Crim. No. 91-0309
v.                                  Hon. Fredrick Smalkin

UNITED STATES OF AMERICA,
    Respondent.

MOTION TO MODIFY SENTENCE PURSUANT
TO TITLE 18 U.S.C. § 3582 (c) (2) UNDER THE
SENTENCE COMMISSION GUIDELINES

COMES NOW Michael A. Lucas, (HEREINAFTER, the "Movant"), acting pro se., respectfully moves this court pursuant to Title 18 U.S.C. § 2582 (c) (2) for modification of sentence under the Sentence Commission Guidelines.

                In support of the movant motion.
           See attached Memorandum of Points and
           Authorities thereof.

                                  Respectfully Submitted

                                  Michael A. Lucas
                                  Reg. No, 01058-000
                                  Post Office Box 2000
                                  West Virginia, 26525

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL A. LUCAS,
    Movant,

v.

UNITED STATES OF AMERICA,
    Respondent.

Civil Action No.00-3381
Crim.No.91-0309
Hon.Fredrick Smalkin

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOVANT'S MOTION PURSUANT TO TITLE 18 U.S.C. § 3582 (c) (2) UNDER THE SENTENCE COMMISSION GUIDELINES

COMES NOW The Movant, Michael A. Lucas, acting pro se., respectfully moves this court to treat the movant pro se., status to a less stringent standard to pleadings drafted by a lawyer. See Haines v. Kerner, 404 U.S.519, 520-21 (1972). In support of the movant motion argues the following for relief:

> 1. On November 20th 2007 the Sentencing Commission approve beneficial Amendment to the Sentencing Commission Guidelines for Criminal History § 4A1.2 (a) (2).

PROCEDURAL HISTORY:

### STATMENT OF THE CASE

On October 17, 1991, a federal grand jury in the District of Maryland returned a two counts indictment, one count of the indictment charging the movant with a felony in possession of a firearm in violation of Title 18 U.S.C. § 922 (g) (1).

The movant was appointed counsel by the court William H. Klempp,Esq.,to represent the movant.  The movant was arrigned for the charge and entered a plead of not guilty.

Thereafter, trial was set on January 21,1992.  On January 29,1992,the movant entered a plea of guilty,and reserving his right to withdraw his plea.  Prior to the movant sentence it was determine by the court that the movant is a Armed Career Offender under the provisions of Title 18 U.S.C. § 924 (e) and under § 4B1.4,which the movant fully qualified for an enhancement based for the convictions for § 922 (g) and his prior record of qualifying predicate crimes,including burglary, serveral robberies,and a first degree murder.  On January 31, 1992, the court sentenced the movant to two hundred and thirty-five months imprisonment,and three years probation.

1. The movant's argues on November 20th 2007 the Sentencing Commission approve beneficial Amendment to the Sentencing Commission Guideline for Criminal History § 4A1.2 (a) (2)

Section § 3582 (c) (2) of Title 18 U.S.C. provides that the court may not modify a term of imprisonment once it has been omposed **except that:**

> In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing rang that has subsequently been lowered by the sentencing commission pursuant to 28 U.S.C. § 994 (o)...the court may sentence the term of imprisonment,after considering the factors set forth in Section § 3582 (a) to the extent that they are applicable if such a reduction with applicable policy statements issued by the sentencing commission.

-2-

The movant asserts that this court used the movant prior convictions to enhance his sentence. Those prior convictions arrives out of the District of Columbia/Superior Court. The District of Columbia/ Superior Court had consolidated the following four prior convictions for sentence (1) Armed Robbery (Criminal No. F3835-78 (2) Robbery (Criminal No. F3830-78 (3) Attempted Robbery (Criminal No.F4232-78; And (4) Burglary (Criminal No.F232-78. Due to these prior convictions this court separate the convictions that trigger an enhancement.

Accordingly to the Sentencing Guidelines where a defendant"s criminal history includes two robbery convictions for offenses committed on different occasions, the sentences for those offenses were imposed on the same day and are counted as a single prior sentence. See § 4A1.2 (a) (2). The movant argues that all the aboveamentioned prior convictions should be counted as one single prior sentence. Title 18 U.S.C. § 924 (e), which requires a minmum sentence imprisonment of Fifteen years for a defendant who violates Title 18 U.S.C. § 922 (g), and has three previous convictions for a violent felony or a serious drug offense.[1] Here in the movant case he does not qualify under § 924 (e) or § 4B1.4. Accordingly, to the Sentencing Commission approve § 4A1.1 (f), in a case in which a defendant received two or more prior sentences as a results of convictions for crimes of violence that are counted as a single sentence. See § 4A1.2 (a) (2). The movant prior convictions resulted as a single sentence. See § 4A1.1 (f).

-3-

## CONCLUSION

WHEREFORE, the movant prays that this court resentence the movant in the interest of justice.

Respectfully Submitted

*Michael A. Lucas*
Michael A. Lucas
Reg. No. 01058-000
Post Office Box 2000
West Virginia, 26525

## CERTIFICATE OF SERVICE

I, HEREBY STATES that the foregoing Motion to Modify Sentence pursuant to Title 18 U.S.C. § 3582 (c) (a) under the Sentence Commission Guidelines was mailed to the Clerk Office/ United States District Court For The District Of Maryland. On this 9 day of June, 2008: And a copy was mailed to the following:

United States Attorney Office
101 West Loombard Street
Baltimore, Maryland, 2101-2692

---

1/ The Sentencing Guidelines asserts that a sentence imposed more than ten years prior to a defendant's commercement of the instant offense is not counted. See § $A1.2 (e).

-4-

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL A. LUCAS,
    Movant,

    v.

UNITED STATES OF AMERICA,
    Respondent.

Civil Action No. 00-3381
Crim No. 91-0309
Hon. Fredrick Smalkin

## MOTION FOR APPOINTMENT OF COUNSEL

COMES NOW The Movant, Micheal A. Lucas, acting pro se., respectfully moves this court for appointment of counsel for the following reasons set forth.

1. The movant motion under Title 18 U.S.C. § 3582 (c) (2) was prepared a jailhousel litigant, because the movant does not have funds to retain counsel due to his imprisonment.

2. The issues before this court are complex and a competent counsel is needed to cite the law for the movant can receive a full and fair adjudication on his issues before the court.

**WHEREFORE**, The movant prays that this court gran' appointment of counsel in the interest of just'

Respectfully Submi'

Michael A. Lucas
Reg. No. 01058-0
Post Office Bo'
West Virginia